UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD LEE CHANEY<br>True name: Stephanie Lee Ann Chaney | Case No. 4:13-cr-00215-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Defendant Ronald Lee Chaney[1] pled guilty to two felony counts in 2015. Count 1 was for Failure to Register as a Sex Offender and Count 2 was for Assault on an Officer. The Court sentenced Defendant on December 15, 2015, to two concurrent terms of 46 months of incarceration followed by two concurrent terms of supervised release. On Count 1 supervised release was for 5 years and on Count 2 supervised release was for 3 years.

Chaney's terms of supervised release began on June 22, 2018, when she was released from prison. She reported to the probation office on June 25, 2018. On February 19, 2019, Chaney's probation officer filed a Violation of Supervised Release Report and an Amended Petition on Supervised Release. The Court set a hearing on February 28, 2019. At the hearing the Defendant expressed her intent to deny all allegations of violations and the Court held an evidentiary hearing. The Government called only the

---

[1] Defendant has legally changed her name to Stephanie Lea Ann Chaney and now identifies her gender as being female. Therefore, Defendant will be referred to throughout this opinion as either Stephanie, Chaney, or Defendant and the Court will use feminine pronouns when referring to her.

MEMORANDUM DECISION AND ORDER - 1

probation officer as a witness. The Government also moved to admit eleven exhibits. The parties stipulated to the admission of nine of the exhibits and Chaney objected to the admission of two of the exhibits. The Court took the objection under advisement but allowed the probation officer to testify about the two non-stipulated exhibits, contingent upon the admission or non-admission of the those exhibits at a later time. The Defense then called Chaney as a witness and moved to admit Exhibit A, to which the Government stipulated.

At the close of the hearing the Court took the entire matter under advisement, stating it would research the issue of admitting the two exhibits and issue a written decision. Depending upon the outcome of that decision, the Court would either order Chaney released from custody and put back on supervised release or bring Chaney back to Court and sentence her for violating the terms of her supervised release.

## **STANDARD**

The Federal Rules of Evidence do not apply at a revocation hearing. Additionally, defendants in a revocation hearing do not enjoy the full panoply of constitutional protections afforded to criminal defendants. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). This is because a revocation proceeding is not a criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Therefore, the Sixth Amendment's Confrontation Clause, which grants to criminal defendants the right to confront adverse witnesses, does not apply to defendants in revocation proceedings. However, the Court must balance the Defendant's interest in his right to confrontation against the Government's good cause for denying confrontation. *U.S. v. Simmons*, 812 F.2d 561, 564 (9th Cir. 1987). In evaluating

good cause, courts look to both the difficulty and expense of procuring witnesses and the reliability of the evidence. *Id.* In evaluating the defendant's interest in his right to confrontation, the Court should weigh that right under the specific circumstances presented in the case. *U.S. v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993).

A finding that defendant violated her terms and conditions must be based on a preponderance of the evidence. The evidence forming the basis of the finding must be "credible evidence" and "verified facts" and cannot stand on "erroneous information."

## VIOLATIONS

The Government alleges that Chaney had four types of violations: (1) illegal drug use; (2) failure to comply with the requirements of the Sex Offender Registration and Notification Act; (3) failure to notify probation at least ten days prior to any change in residence; and (4) failure to perform a urine analysis on September 28, 2018. Each will be discussed.

1. **Illegal Drug Use.** The Government claims that Chaney used methamphetamine on five separate occasions and hydrocodone on one occasion. To support this claim, the Government used the testimony of the probation officer and submitted Exhibits 3 – 8, which were admitted by stipulation. Exhibits 3 – 7 consisted of two pages, a Drug Test Report and a Chain of Custody Form. Exhibits 3, 5, 6, and 7 showed test results that were positive for methamphetamine. Exhibit 4 showed test results that were positive for hydrocodone. Exhibit 8 was a one-page Chain of Custody Report without the accompanying Drug Test Report. Except for Exhibit 8, which is incomplete and therefore

not relied upon by the Court, these exhibits show by a preponderance of the evidence that Chaney violated the terms and conditions of her supervised release by using illegal drugs.

Chaney testified that she did not use illegal drugs and the test results must have been false positives resulting from her proper use of prescription medications. In support of her position, she and her attorney spoke in general terms about internet searches and FDA research that supports her position that about 1% of the time metformin (a diabetes medication used by Chaney) can produce a false positive on a methamphetamine drug test.[2] She further testified that she had a prescription for hydrocodone; however, the only prescriptions she ever showed to her probation officer were from 2016 or signed several days after she tested positive for hydrocodone. She never produced a prescription for hydrocodone that covered the date she tested positive for hydrocodone.

Finally, Chaney introduced Exhibit A, which is a letter from a Family Nurse Practitioner. That letter gives the opinion that Chaney's "supplements have ingredients that could potentially give false positives for opiate use in a urine analysis." Although the Family Nurse Practitioner stated that she also examined Chaney's prescription medication, she did not suggest that they could potentially give false positives for opiates or for methamphetamine. Exhibit A may support the theory that Chaney's drug test in Exhibit 4 was based on a false positive for hydrocodone or opiate use, but it does nothing to rebut the other test results for methamphetamine. Methamphetamine is not an opiate.

---

[2] No FDA research or documents were submitted to the Court. No internet sites were provided.

MEMORANDUM DECISION AND ORDER - 4

The evidence without Exhibits 9 and 10 is sufficient to show by a preponderance of the evidence that Chaney used illegal substances. The Court finds that Exhibits 3, 4, 5, 6, and 7 are credible, reliable, and mostly unopposed. The testimony by Chaney and the generalized statements by her counsel as to the possibility that metformin could cause a false positive for methamphetamine fails to adequately rebut the government's evidence. The letter from Rachel Peay is credible but only impacts the hydrocodone result.

The Government attempted to introduce Exhibits 9 and 10 to rebut the unsupported claim that the test results were false positives from metformin. Exhibit 9 is a letter dated January 18, 2019, from Pat Pizzo, Director of Toxicology at Alere Toxicology Services. The letter includes Pizzo's opinion that the list of medications Chaney claimed to be on at the time of testing could not result in a false positive for methamphetamine under the testing used by Alere Toxicology Services.[3] Exhibit 10 is an e-mail from Pizzo to the probation officer dated November 11, 2018. It includes Pizzo's opinion that the use of Primatene will not result in a false positive for methamphetamine. It also includes Pizzo's opinion that the use of a mass spectral confirmation combined with chain of custody and quality control practices provides virtually 100% accuracy for the identification of a drug or drug metabolite. As stated above, the government does not need these two exhibits to show by a preponderance of evidence that Chaney used illegal drugs in violation of her terms and conditions of supervised release. Nevertheless, the Court admits the two exhibits despite Chaney's objection.

---

[3] The letter states Chaney has the following medications: Spironolactone, Buspirone HCL, Hydrocodone-Acetaminophen, Spiriva 18 MCG CP, Estradiol, Levetiracetam, Omeprazole DR, Citalopram HBR, Metformin HCL, Latanoprost, Proair HFA, Novolog, Asmanex HFA, Levofloxacin and Cephalexin.

As stated by the Ninth Circuit in *U.S. v. Hall*, 419 F.3d 980 (9th Cir. 2005), the Court must assess the significance of the releasee's interest in the right to confrontation. *Hall* goes on to state that "[t]he weight to be given to confrontation . . . depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id.* at 986 (quoting *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999)).

Because the stipulated exhibits and nonhearsay evidence introduced at the hearing were sufficient to sustain by a preponderance of the evidence the illegal drug use allegation as to methamphetamine, the hearsay evidence of Exhibits 9 and 10 cannot significantly affect the court's ultimate finding. Importantly, the Government's good cause for not bringing Pizzo to the hearing is sufficient to overcome Chaney's right to confrontation. This Court sits in Idaho. Pizzo and Alere Toxicology Services sit in Louisiana. The expense of bringing Pizzo to testify is high. This good cause outweighs Chaney's right to confrontation particularly where the evidence in Exhibit A produced by Chaney does not in any way impact the creditability of or refute Exhibits 9 and 10. In fact, Exhibit A has nothing to do with methamphetamine.

Although Exhibits 9 and 10 are not necessary to establish Chaney's use of illegal drugs, they are hereby admitted. The Court finds admission of these exhibits proper because they are relevant to refute Chaney's claim of a false positive, they carry some indicia of reliability, and the Government's good cause in not bringing Pizzo to the hearing outweighs Chaney's right to confront the toxicologist.

A review of all the evidence makes it clear by a preponderance of evidence that Chaney used illegal drugs (methamphetamine) on or about October 2, October 9, and December 27, 2018; and January 2, 2019, while on supervised release in violation of her terms of supervised release. This finding makes it unnecessary to make a finding on whether Chaney illegally took hydrocodone.

2. **Failure to Comply with the Sex Offender Registration and Notification Act.**

The Government claims that Chaney failed to update her residence information within two business days as required by law. Idaho Code § 18-8309(1) requires the offender subject to registration to appear in person within two working days at the Sheriff's Office to register and notify the sheriff of the change of address. The testimony at the hearing was very limited on this issue. Chaney was released from prison on June 22, 2018. She moved into a transitional house and registered with the Bannock County Sheriff's Office using the address of the transitional house. On August 27, 2018, the probation officer called the house manager who stated that Chaney moved out of the transitional housing on August 8, 2018. Chaney testified that she was concerned that she was running out of funding for the transitional housing, so she moved in with an ex-girlfriend on August 8, 2018. She left a message on her probation officer's voice mail on August 16, 2018, that she had moved into a residence at 702 South 4th in Pocatello. The probation officer testified he went to that address and there was no residence.

Chaney further testified that she next moved in with her wife on August 18, 2018.[4] As to this alleged violation, Chaney testified that she went to the Sheriff's Office on August 19 or 20, 2018, and registered that she was living at her wife's address. The probation officer acknowledged that Chaney reported to the probation office on August 24, 2018, but her probation officer was not in that day, so Chaney was told to report back on August 27. She did return on August 27 and provided the address of 5723 South 5th as her current residence. That is her wife's address.

The probation officer testified that he then contacted the Bannock County Sheriff's Office and was told that Chaney had not updated her registration since June 25, 2018, which would have been while she was living in the transitional housing. He told Chaney to go update her registration and she did it that same day. Thus, there is conflicting evidence regarding whether Chaney properly changed her registration with the County when she moved to her ex-girlfriend's residence. There is also conflicting evidence regarding whether Chaney properly changed her registration with the County when she moved into her wife's address on 5th Avenue. At least by August 27, 2018, she had reported to the County that her new address was the address on 5th Avenue. Given the conflicting evidence and the Government's failure to obtain any documentation from Bannock County showing when Chaney registered and what address she registered, the Court finds a lack of sufficient evidence to meet the necessary burden of proof.

---

[4] There was some testimony that Chaney went camping for a few days and an inference that she should have registered her campsite on Scout Mountain as her residence during that time. However, I.C. § 18-8308(2) specifically states that updated information on temporary lodging is only necessary if it lasts seven days or more. There was no testimony that Chaney went camping for seven days or more so she had no need to register the Scout Mountain campsite.

MEMORANDUM DECISION AND ORDER - 8

3.      **Failure to Notify Probation at Least Ten Days before Moving.** Chaney testified that she called her probation officer two days before she moved in with her ex-girlfriend. She further claims she told her probation officer about her move to her wife's residence on August 17, 2018. Chaney states she met with her probation officer in the probation office on August 27, 2018, and again gave him the address on South 5th Avenue. Finally, Chaney testified that she moved in with her wife on August 18 or 19, 2018.

Even if the Court accepts Chaney's testimony as true, it is an admission that she did not provide the required ten-day notice regarding either move. The Court finds Chaney violated this condition of supervised release.

4.      **Failure to do a Required Drug Test.** Under the terms of her supervised release, Chaney was required to do drug tests whenever her color was called. On September 28, 2018, Chaney failed to provide a urinalysis sample for testing as directed at Road to Recovery. This is shown by Exhibit 2, which is a Notice of Noncompliance. At the hearing, the probation officer testified that Chaney told him after the missed test that she did not feel comfortable testing at Road to Recovery because they do not individually wrap their drug testing cups. By that time, Chaney had been going to Road to Recovery for almost three months without any complaint. The probation officer testified that the cups were clean and sterile and kept in a locked cabinet, they just were not individually wrapped. There is no evidence in the record to suggest that this procedure could result in contamination. Chaney's testimony is more of an excuse rather than a defense. The fact is, she missed a drug test. The Court finds that Chaney violated this term of her supervised release.

MEMORANDUM DECISION AND ORDER - 9

## CONCLUSION

The Court finds by a preponderance of the evidence that Chaney violated her terms of supervised release in three ways: (1) she used methamphetamine on at least four occasions; (2) she failed to notify her probation officer of two changes of address ten days prior to moving; and (3) she failed to submit to a required urinalysis test. Based upon these violations, Chaney will be brought back into open court and a sentence for the violations will be pronounced after counsel have the opportunity to present their recommendations.

DATED: March 5, 2019

David C. Nye
Chief U.S. District Court Judge